# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **Kara Sellers** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL NO.: 1:24-cv-00462** |
| | § | |
| | § | |
| | § | |
| **UNUM Life Insurance Company** | § | |
| **Of America** | § | |
| | § | |
| | § | |
| *Defendant* | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Kara Sellers, Plaintiff herein, complaining of UNUM Life Insurance Company of America, and for cause of action would show:

1. Plaintiff resided in Georgetown, Williamson County, Texas, which is in the Western District of Texas, at the time her cause of action accrued. Plaintiff is both a citizen and resident of the state of Texas.

2. Defendant, UNUM Life Insurance Company of America, (hereinafter referred to as ("UNUM") is a citizen of the state of Maine. It is an insurance corporation duly and legally formed under the laws of Maine and keeps its principal place of business in Maine. U N U M  is authorized to conduct business as an insurance company in the State of Texas, and may be served with citation herein by serving its registered agent, Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, TX 78701.

3. This court has original jurisdiction of this case under 28 U.S.C. § 1131, as well as 29 U.S.C. § 1132(e)(1).

4. Venue is proper in the Western District of Texas under 29 U.S.C. § 1132(e)(2).

5.  Plaintiff brings suit under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically including 29 U.S.C. § 1132 (a)(1)(B).

6.  UNUM failed to honor its obligations to Plaintiff. In 2022 Plaintiff was a Title Clerk with Tresl, Through her employment, Plaintiff was insured for disability benefits by a group insurance policy ("the policy") issued by UNUM. The policy is identified by its policy number, 419398. The claim number is 21578470.  In exchange for premiums, UNUM promised to pay benefits to Plaintiff should she become disabled under the terms of the policy.

7.  Ms. Sellers had a long history of painful neuropathy in her lower extremities beginning in approximately 2015. She also has a history of bilateral DVT's requiring surgical intervention.

8.  Plaintiff's condition worsened and she became disabled on May 5, 2022. In addition to her other symptoms, Ms. Sellers was now diagnosed with Complex Regional Pain Syndrome (CPRS) and chronic migraines. Sellers properly submitted a claim to UNUM. UNUM approved the claim and benefits began on August 8, 2022.

9.  UNUM assigned a new "Benefit Specialist" in March 2023. On March 3, 2023, Matt Purinton wrote to Ms. Sellers and informed her of the change. He further informed her "I am now responsible for your Long Term Disability claim."

10.  On May 11, 2023, UNUM wrote to Ms. Sellers informing her the claim was denied. The denial occurred approximately two months after the new Benefit Specialist, "Matt", took over the claim. UNUM alleged in its denial that "there has been clinical improvement as evidenced by stability in your analgesic regimen and your reported activities.

11.  UNUM's justification for denying the claim is unsupported by the medical evidence. During the two months that "Matt" was in charge of the claim, UNUM reviewed the claim. It contacted Plaintiff's treating providers. Plaintiff's neurologist, Patrick Nolan, M.D., PhD, informed UNUM on April 21, 2023, that Ms. Sellers was precluded from performing her occupational demands. He was approached by UNUM's peer review doctor and reaffirmed

his opinion on May 4, 2023, that Ms. Sellers she could not return to her own occupation.

12. On May 11, 2023, just seven days after hearing from Dr. Nolan that Plaintiff could not return to work, UNUM denied the claim.

13. Ms. Sellers appealed the denial on November 7, 2023. In the appeal, she provided to UNUM a Functional Capacity Evaluation (FCE) dated October 1, 2023. The FCE is an objective measurement of Plaintiff's physical capabilities. The FCE concluded that Ms. Sellers gave good effort during the examination. However, due to her limitations "client unable to work at this time." Her treating medical provider, Michael Farris, P.A., reviewed and agreed with the FCE's limitations and restrictions.

14. UNUM denied the appeal on December 13, 2023.

15. Plaintiff exhausted the administrative remedies available to her under the Plan. All conditions precedent to this cause of action have been met or have occurred.

16. The policy at issue in this case was used in Texas and is subject to Chapter 1701 of the Texas Insurance Code. It was offered, issued, renewed, or delivered on or after February 1, 2011, and is subject to the laws of Texas. Any Discretionary Clause is void under Texas law and Hartford's decision to deny Plaintiff's claim is subject to *de novo* review pursuant to 28 Tex. Admin. Code § 3.1201.

17. Plaintiff is entitled to recover under the civil enforcement provisions of ERISA and seeks the benefits she has been denied, clarification of his right to receive future benefits under the policy, attorney's fees and expenses incurred herein and other appropriate equitable relief.

18. WHEREFORE, Plaintiff prays that Defendant be cited to appear herein and answer and that on final hearing, she have judgment against Defendant for her damages, plus pre-judgment and post-judgment legal interest, for costs of suit, for reasonable attorney's fees and expenses incurred and that Plaintiff have a clarification of his right to receive future benefits

under the policy, to which she may show herself justly entitled under the attending facts and circumstances.

Respectfully submitted,

By:    /s/ *Greg Reed*
              Attorney-in-Charge
              State Bar No. 16677750

**BEMIS, ROACH & REED**
4100 Duval Road, Bldg. I, Suite 200
Austin, Texas 78759
(512) 454-4000 Telephone
(512) 453-6335 Facsimile
greg@brrlaw.com

**ATTORNEYS FOR PLAINTIFF**